McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN BAKER ROSE,<br><br>                Defendant. | Case No. 1:16-cr-00154 DAD<br><br>**THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT**<br><br>Date: October 10, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

## I.     INTRODUCTION

On September 29, 2016, the grand jury returned a three-count indictment against defendant John Baker Rose ("defendant"), charging him with: (1) Use of Facility of Interstate Commerce to Induce Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b) (Count One); (2) Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b) (Count Two); and (3) Receipt of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2) (Count Three). Dkt. 1.

On July 18, 2018, defendant pleaded guilty in open court to using a facility of interstate commerce (a computer over the Internet) to induce a minor to engage in criminal sexual activity (Count One), following the parties' filing a Rule 11(c) plea agreement on the same date. Dkts. 24 and 25. At the change of plea hearing, the court scheduled the sentencing hearing to take place on October 10, 2018. Dkt. 25.

United States Probation issued a draft Presentence Investigation Report ("PSR") on August 27, 2018, and issued a revised PSR on September 14, 2018. Dkts. 28 and 29. U.S. Probation's application of the sentencing guidelines is in accord with the parties' agreed applicable guidelines as set forth in the plea agreement.

## II. APPLICABLE GUIDELINES CALCULATIONS

### A. The Parties' and U.S. Probation's Agreed Adjusted Offense Level

With the parties' plea agreement, the parties agreed to an adjusted sentencing guidelines level 29. Dkt. 24, paras. 3(g)-(h), 4(a)-(b). As set forth in detail within the plea agreement and Section 2G2.2 of the Sentencing Guidelines (2016), these agreed guidelines include the following components:

1. **A base offense level** of twenty-eight (**28**) because the defendant pleaded guilty to and would be convicted of using a facility of interstate commerce to induce a minor to engage in criminal sexual activity (§ 2G1.3(a)(3));

2. *Plus* the following sentencing enhancements:

    a. two (**2**) levels because the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct (§2G1.3(b)(3)(A)); and

    b. two (**2**) levels because the offense involved the commission of a sex act or sexual contact (§2G1.3(b)(4)(A)).

3. *Minus*:

    a. Three (**3**) levels pursuant to defendant's acceptance of responsibility (§ 3E1.1 – Plea Agreement, para. 4(b)), for an adjusted universally agreed applicable sentencing level of twenty-nine (**29**).

Dkt. 24, paras. 3(g) and (h) and 4(a) and (b); PSR, paras. 22-33 (Dkt. 29).

The PSR likewise applied each of the above sentencing provisions when calculating defendant's applicable Guidelines range in this case. Accordingly, the PSR also contemplates an adjusted sentencing level of twenty-nine (29). Dkt. 23, paras. 29 and 33. In light of the PSR's determining defendant's criminal history to be category I (paras. 38-39), his applicable guideline range is 87-108 months. Defendant's statutory mandatory minimum sentence for pleading guilty to Count One, however, is ten years (120 months). 18 U.S.C. § 2422(b).

## III. THE GUIDELINES AND § 3553(A) FACTORS SUGGEST THE PARAMETERS OF A REASONABLE SENTENCE

Whereas the Sentencing Guidelines were once "mandatory", they must now be consulted in an "advisory" capacity in that a sentencing court now must also consider factors outlined at 18 U.S.C. § 3553(a). Those factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for

    (A) The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines issued by the Sentencing Commission…

(5) Any pertinent policy statement -

    (A) Issued by the Sentencing Commission . . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

///

Here, consideration of the factors identified within 18 U.S.C. § 3553(a) supports an imprisonment term of 120 months, which is the mandatory minimum sentence allowed pursuant to § 2422(b). Since this period of time exceeds the sentencing range otherwise applicable to him (87-108 months), it becomes his guideline range. Subsections (3) and (4) provide that a court "shall consider . . . the kinds of sentences available" and "the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant, as set forth in the guidelines." Subsection

(5) requires a court to consider "any pertinent policy statement ... issued by the Sentencing Commission." As justification for the imposition of significant sentences in child exploitation offenses, the Supreme Court has held "the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982).

Perhaps most important to the court's analysis in determining a sentence are Subsections (2) and (6) of 18 U.S.C. § 3553(a). Subsection (2) requires the court to consider the need to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public." In the case of an online coercion and enticement case, the government has a compelling interest to protect children from those who would exploit them. In this case, septuagenarian defendant's exploitation of a local 14-year-old girl involved not only his asking for and receiving sexually explicit photographs of her, but also his grooming her for months through an online relationship through the point of his travelling from Minnesota to Fresno on at least two occasions to surreptitiously pick her up from school and sexually abuse her. Defendant's conduct therefore was predatory in its purest sense – taking advantage of a vulnerable child online through the point of creating a situation where he repeatedly sexually abused her.

Furthermore, subsection (6) addresses the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This makes sense, because imposing a sentence on defendant that is heavier than this court has imposed on those who the government could prove committed similar conduct is unfair to defendant, and a sentence imposed on this defendant that conversely is lighter than other similarly situated defendants is unfair them. Here, the imposition of a ten-year sentence appears in line with sentences of other defendants convicted of § 2422(b) crimes wherein they enticed and/or coerced children online to engage in illegal sexual conduct. In this case, in aggravation defendant used the Internet to reach from St. Paul, Minnesota through the computer screen of a 14-year-old girl in Fresno County as a vehicle to sexually exploit her. As noted in the PSR (p. 15), it appears as if this is not the only minor girl he has victimized. In mitigation, defendant had no criminal record. Accordingly, a ten-year sentence is appropriate in this case.

///

///

## IV.    RESTITUTION

Restitution is mandatory with respect to crimes of violence.  18 U.S.C. § 3663A(c)(1)(A)(i). Convictions pursuant to 18 U.S.C. § 2422(b) are considered crimes of violence.  United States v. Munro, 394 F.3d 865, 871 (10th Cir. 2005).  While the Ninth Circuit does not appear to have directly addressed this issue, it has found that a similar statute, 18 U.S.C. § 2423(b) (attempted interstate travel with the intent to engage in sex with a minor) is indeed a violent crime.  United States v. Butler, 92 F.3d 960, 963-64 (9th Cir. 1996).

In addition, "the court shall order restitution" pursuant to convictions of crimes including those committed in violation of 18 U.S.C. § 2252(a). 18 U.S.C. § 2259(a).  "The order of restitution … shall direct the defendant to pay the victim … the full amount of the victim's losses as determined by the court."  18 U.S.C. § 2259(b)(1).  The issuance of a restitution order under Section 2259 is indeed mandatory.  18 U.S.C. § 2259(b)(4)(A).  Here, although defendant pleaded guilty to, and is convicted of, an online coercion and enticement charge pursuant to § 2422(b), his conduct included his receiving sexually explicit photographs of the 14-year-old minor victim in this case in exchange for his providing her clothing and pay for her online video games.  PSR, para. 5.

The term "full amount of the victim's losses" includes any costs incurred by the victim for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3)(A) through (F).

Federal courts may order restitution to the extent authorized by statute.  United States v. Kennedy, 643 F.3d 1251, 1260 (9th Cir. 2011) (citing United States v. Gossi, 608 F.3d 574, 577 (9th Cir. 2010)).  Section 2259 is the statutory mechanism that allows for a restitution order regarding this action's known victim who made a restitution claim, and regarding those losses and other harms caused by the offense of conviction.  Paroline v. United States, 134 S.Ct. 1710, 1720 (2014).   The burden is on

the government to establish, by a preponderance of the evidence, the existence of a causal connection between the victim's losses and the defendant's conduct in order to meet the requirements of § 2259. Kennedy, 643 F.3d at 1262. If it is impossible to trace a particular amount of a victim's claimed losses to an individual defendant, then sentencing court applying § 2259 should order a restitution amount comporting with defendant's relative role in the causal process that underlay the victim's general losses. Paroline, 134 S.Ct. at 1715.

In addition, in United States v. Galan, 804 F.3d 1287 (9th Cir. 2015), the court held that a person who participates in the distribution, receipt or possession of child pornography cannot be required to pay restitution for losses caused by the original abuser's actions; instead, the losses must be disaggregated. Id. at 1290-91; See also United States v. Grovo, 826 F.3d 1207, 1222 (9th Cir. 2016). The Galan court provided examples of factors that may affect the apportionment, or disaggregation, in a particular case: "egregiousness of the original abuse; how a victim can (or does) cope with that kinds of abuse when distribution of images does not follow; and the particular victim's own reactions to the various traumas to which the victim has been subjected." Galan, 804 F.3d at 1291. The court further noted that "precision is neither expected nor required" in apportioning the losses, and that "the ultimate question will be a mix of 'discretion and estimation.'" Id. (quoting Paroline v. United States, 134 S.Ct. 1710, 1729 (2014)).

On August 31, 2018, the minor victim submitted a restitution claim in this case. In short and as noted in the PSR, she seeks $500,000 pursuant to defendant's taking her virginity. Although this victim did not likewise provide specified documentation in support of her request, she made it in good faith, and a restitution award based on the harm defendant inflicted on this victim as a "proximate result" of the offense does appear warranted. 18 U.S.C. § 2559(b)(3)(F). This harm resulted from defendant's direct sexual abuse of this girl, multiple times, and therefore the government asks the court to consider a restitution award commensurate with those amounts awarded to similarly situated minor victims from other cases. If the court determines that it needs additional information prior to ruling on the victim's restitution request, then the government asks that a restitution hearing be set within 90 days of the sentencing hearing, without affecting any other component of the court's sentence and judgment, as authorized by 18 U.S.C. § 3664(d)(5).

## V. SPECIAL ASSESSMENT

Within the plea agreement, the parties agreed that the penalty assessment defendant should pay pursuant to his conviction in this case is $100. Dkt. 24, para. 6(e). Plea negotiations in this case were extensive, and took place over a time-period well exceeding a year. U.S. Probation's assessment, conversely, that the applicable special assessment in this case is instead $5,100 pursuant to 18 U.S.C. § § 3013 and 3014 may indeed be legally correct. That said, however, the initial plea offer delivered to the defense in this case pre-dated the time when the undersigned began applying both of the above assessment provisions in his plea agreements. This specific paragraph remained unchanged with respect to each subsequent draft agreement in this case. The government therefore stands by its agreement with defendant that the court should impose a $100 special assessment here. In fact, the Ninth Circuit requires the government to stand by the terms of the parties' executed plea agreement. United States v. Alcala Sanchez, 666 F.3d 571, 575-577 (9th Cir. 2012).

## VI. CONCLUSION

Based on the evidence underlying the plea agreement and PSR, as well as the content of the plea agreement itself, the government requests that the Court sentence defendant to a 120-month term of incarceration, award restitution in an amount commensurate with similarly situated minor victims in other cases, and impose a special assessment of $100. The government also asks that the PSR's recommended 120-month term of supervised release also be imposed in this case.

Dated: September 20, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ Brian W. Enos
Brian W. Enos
Assistant United States Attorney