UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. DALE A. DROZD, JUDGE

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )   No. 16-CR-154-DAD
                               )
vs.                            )   CHANGE OF PLEA
                               )
JOHN BAKER ROSE,               )
                               )
            Defendant.         )
_____)

Fresno, California              Wednesday, July 18, 2018

REPORTER'S TRANSCRIPT OF PROCEEDINGS

KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:        United States Attorney's Office
                          BY: **BRIAN ENOS**
                          2500 Tulare Street
                          Suite 4401
                          Fresno, California 93721


For the Defendant:        Federal Defender's Office
                          BY: **ERIC KERSTEN**
                          2300 Tulare Street
                          Suite 330
                          Fresno, California 93721

1  Wednesday, July 18, 2018                    Fresno, California

2  10:05 a.m.

3          THE CLERK:  The Court calls case 1:16-CR-00154.

4  United States versus John Baker Rose.  Change of plea hearing.

5          MR. KERSTEN:  Good morning.  Eric Kersten from

6  Federal Defenders for Mr. Rose, who is present.

7          MR. ENOS:  Brian Enos, United States.

8          THE COURT:  And I understand, from a plea agreement

9  that's been provided to the Court, that Mr. Rose wishes to

10 enter a plea of guilty to Count One of the indictment in this

11 case charging him with use of a facility of interstate

12 commerce to induce a minor to engage in criminal sexual

13 activity in violation of 18 USC Section 2422(b).

14         Is that correct?

15         THE DEFENDANT:  That's correct, Your Honor.

16         MR. KERSTEN:  Yes, Your Honor.

17         THE COURT:  And I did obtain a copy, unexecuted, in

18 advance.  Have there been any changes to the executed version

19 of the plea agreement?

20         MR. ENOS:  The only change to the executed version of

21 the plea agreement, Your Honor, is instead of the plea

22 agreement contemplating a ten year term of supervised release,

23 that is now going to be argued at sentencing.

24         THE COURT:  All right.

25         MR. KERSTEN:  There would still be a five year

1  mandatory minimum term of supervised release.  There is also,

2  just -- Mr. Rose is showing me, there is also a typo, an

3  incidental typo as far of the meaning of the plea agreement.

4  It should have said "governed" and it says "government."  I've

5  corrected that typo on page four.

6          THE COURT:  You've corrected it.

7          MR. KERSTEN:  Correct.

8          THE COURT:  Yes, I see that.

9          All right.  Mr. Rose, before accepting your plea,

10  there are a number of questions that I must ask you.  If you

11  don't understand any of my questions or if you wish to consult

12  with your attorney, Mr. Kersten, for any reason, please let me

13  know.

14          THE DEFENDANT:  I certainly will, sir.

15          THE COURT:  Because it's extremely important you

16  understand each of my questions before answering.

17          Madam clerk, please swear the defendant.

18      (Defendant sworn.)

19          THE COURT:  Sir, do you understand that, having been

20  sworn, your answers to my questions may be used against you in

21  a prosecution for perjury or making a false statement if you

22  do not answer truthfully?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  How old are you, sir?

25          THE DEFENDANT:  I'm 77, sir.

1    THE COURT:  And how many years of schooling have you

2  completed?  Highest grade obtained.

3    THE DEFENDANT:  Highest grade obtained was graduation

4  from college with a bachelors degree.

5    THE COURT:  And what's your most recent occupation?

6    THE DEFENDANT:  Computer consultant since 1970.

7    THE COURT:  Have you ever been treated for mental

8  illness?

9    THE DEFENDANT:  No, sir.

10    THE COURT:  Have you ever been treated for addiction

11  to drugs of any kind?

12    THE DEFENDANT:  No, sir.

13    THE COURT:  Are you presently under the influence of

14  alcohol or drugs?

15    THE DEFENDANT:  No, Your Honor.

16    THE COURT:  Do you understand what's happening here

17  today?

18    THE DEFENDANT:  I do.

19    THE COURT:  Counsel, do either of you have any doubt

20  as to Mr. Rose's competence to enter his plea at this time?

21    MR. KERSTEN:  No, Your Honor.

22    MR. ENOS:  No, Your Honor.

23    THE COURT:  I find the defendant competent to enter

24  his plea.

25    Sir, have you had enough time to discuss your case,

1    any defenses that you might have and your decision to enter a

2    plea of guilty with your attorney?

3          THE DEFENDANT:  Indeed yes, Your Honor.

4          THE COURT:  And are you satisfied with Mr. Kersten's

5    representation?

6          THE DEFENDANT:  Very much so, sir.

7          THE COURT:  Is it your understanding that your

8    attorney and the attorney for the government have had

9    discussions in this case concerning your change of plea which

10    have resulted in this plea agreement which you have signed?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  And are you entering your plea of guilty

13    here this morning to Count One of the indictment pursuant to

14    that plea agreement voluntarily and because you're, in fact,

15    guilty of the offense charged in Count One?

16          THE DEFENDANT:  Yes, indeed, Your Honor.

17          THE COURT:  Have you reviewed your plea agreement in

18    detail with your attorney?

19          THE DEFENDANT:  I have.

20          THE COURT:  Do you understand each and every one of

21    its terms?

22          THE DEFENDANT:  I do, Your Honor.

23          THE COURT:  The offense to which you're offering to

24    plead guilty is a felony offense.  If your plea is accepted,

25    you'll be found guilty of that offense and that finding may

1  deprive you of valuable civil rights, such as the right to

2  vote, the right to serve on a jury and the right to possess

3  firearms and ammunition of any kind.  Do you understand?

4          THE DEFENDANT:  I do, Your Honor.

5          THE COURT:  In addition, if an economic loss has been

6  suffered as a result of this criminal conduct, the Court, in

7  keeping with the Sentencing Reform Act, will order you to make

8  restitution to any victim of the offense unless the Court

9  finds, under the applicable statutes, that restitution is not

10 appropriate in this case.  Do you understand that?

11         THE DEFENDANT:  I do understand, Your Honor.

12         THE COURT:  Under the Sentencing Reform Act, the US

13 Sentencing Commission has issued advisory guidelines for

14 judges to consider in determining the appropriate sentence to

15 be imposed in all federal criminal cases.  Have you and your

16 attorney talked about how those advisory sentencing guidelines

17 might apply in your case?

18         THE DEFENDANT:  We have, Your Honor.

19         THE COURT:  You also understand that I won't be able

20 to determine what the advisory sentencing guideline range is

21 in your case until after the presentence report has been

22 prepared and after your attorney and the attorney for the

23 government have had the opportunity to object to any of the

24 findings of that report?

25         THE DEFENDANT:  I do, Your Honor.

1          THE COURT:  Do you also understand that although the

2    government has agreed to make certain recommendations in their

3    plea agreement with you, those recommendations are not binding

4    on the Court and if I do not follow them, you'll still be

5    bound by your plea and will have no right to withdraw it?

6          THE DEFENDANT:  I understand, Your Honor.

7          THE COURT:  You also understand that after it's been

8    determined what the advisory guideline range is in a case, the

9    sentencing judge, under some circumstances, may have the

10   authority to impose a sentence that's either more severe or

11   less severe than that called for by the guidelines?

12         THE DEFENDANT:  I understand that, Your Honor.

13         THE COURT:  Do you understand that parole has been

14   abolished in the federal criminal justice system and if you're

15   sentenced to a term of imprisonment in this case, you will not

16   be released on parole.

17         THE DEFENDANT:  I do understand, Your Honor.

18         THE COURT:  You understand that the government, under

19   some circumstances, may have the right to appeal a sentence

20   that I impose?

21         THE DEFENDANT:  Now I do, Your Honor.  Yes, thank

22   you.

23         THE COURT:  Do you have any questions in that regard?

24         THE DEFENDANT:  No further questions, Your Honor.

25         THE COURT:  However, in -- I note that in your plea

1  agreement, you've waived both the right to appeal as well as

2  to collaterally attack any part of your plea and sentence in

3  this Court.  Do you understand that?

4       THE DEFENDANT:  Yes, I do, Your Honor.

5       THE COURT:  And Mr. Kersten, are you satisfied

6  there's been a knowing and voluntary waiver by Mr. Rose of his

7  right to collaterally attack or appeal the plea and sentence

8  in this case?

9       MR. KERSTEN:  Yes, Your Honor.

10      THE COURT:  In addition, sir, as part of your plea

11 agreement, you've waived any oral pronouncement of forfeiture

12 at the time of sentencing.  What that means is following your

13 sentencing in this case, the Court will merely enter an order

14 of forfeiture with respect to the assets listed at page six of

15 your plea agreement.  And there will be no further discussion

16 of that matter at the time of your sentencing.  Do you

17 understand that as well?

18      THE DEFENDANT:  Just a moment.

19      MR. KERSTEN:  I would just like to clarify one thing.

20 Mr. Rose is aware that he will be forfeiting all the hardware

21 that's listed in the plea agreement.  There is a substantial

22 amount of intellectual property and software on that hardware

23 that the government has agreed to attempt to retain a copy of

24 for Mr. Rose.

25      MR. ENOS:  That's correct, Your Honor.  With respect

1   to this particular case, there's a very low risk of

2   co-mingling, which is the one real hiccup with respect to

3   these types of issues.  So what I've asked the defense to do

4   is have Mr. Kersten provide me as much specificity as possible

5   with respect to what this intellectual property is, where it

6   can be found on the seized devices and I will, in turn, work

7   with the computer forensic examiner in this case, whether it's

8   through St. Paul PD or the HSI office, to ensure that we can

9   extract those -- whatever that intellectual property is from

10   what would be destroyed.

11         What I didn't mention is if there's any way the

12   defense can get us a hard drive in this regard, that would

13   help facilitate this process.

14         MR. KERSTEN:  We can do that.

15         THE COURT:  With that understanding, sir, do you

16   understand with respect to the property listed at page six of

17   your plea agreement, that there will be no further discussion

18   regarding the forfeiture of that property at the time of your

19   sentencing?

20         THE DEFENDANT:  Your Honor, there's --

21         THE COURT:  Talk to your lawyer.  Talk to your

22   lawyer.

23         MR. KERSTEN:  Talk to me.

24         THE DEFENDANT:  I'm sorry.  Beg your pardon.

25         THE COURT:  It's never a good idea for defendants to

1   speak directly to the Court until their lawyer knows what

2   they're going to say.

3          MR. KERSTEN:  What Mr. Rose has pointed out is that

4   under -- at the bottom of page five, subsection (m), it says

5   that he agrees to forfeit the listed property.  And it says

6   "include but not limited to" and he's just concerned whether

7   there's any other items that the government intends to

8   forfeit.

9          MR. ENOS:  Your Honor, my understanding in this case

10  is the only items the government intends to forfeit in this

11  case are those listed as those were the items that had been

12  identified as containing contraband.

13         THE COURT:  And here in my advisement, I am advising

14  the defendant that the order of forfeiture, without further

15  discussion that I would intend at this time, is the six

16  specific pieces of property listed in the plea agreement and

17  nothing more.

18      (Discussion between the defendant and Mr. Kersten, not

19       reported.)

20         THE COURT:  He's looking at six?  Because it refers

21  to --

22         THE DEFENDANT:  We will not object to --

23         THE COURT:  -- cards, discs, drives or other storage

24  devices.

25         MR. ENOS:  And in those matters, Your Honor, only

1   those matters that contain contraband would be destroyed.  The

2   rest could be returned probably to Mr. Kersten.  I'll put the

3   burden on him and then he can figure out how to ultimately get

4   it to a representative of Mr. Rose.

5           THE DEFENDANT:  I'm happy with that, Your Honor.

6   Thank you.

7           THE COURT:  Understood?  You understand?

8           THE DEFENDANT:  Yes, I do understand.

9           THE COURT:  All right.  You have a right to stand by

10  your previously entered plea of not guilty to the charge in

11  Count One of the indictment if you desire to do so.  Do you

12  understand that right?

13          THE DEFENDANT:  Yes, sir, I do.

14          THE COURT:  Let me back up.  I'm sorry.  I got a page

15  ahead of myself.

16          You've been charged in Count One of the indictment

17  with use of a facility of interstate commerce to induce a

18  minor to engage in criminal sexual activity in violation of 18

19  USC Section 2422(b).  Do you understand the nature of that

20  charge, the essential elements of the offense and what the

21  government would be required to prove in order to convict you

22  of it?

23          THE DEFENDANT:  I do understand, Your Honor.

24          THE COURT:  Have you seen a copy of the indictment

25  setting forth that charge in writing?

1    THE DEFENDANT:  I have one, yes.

2    THE COURT:  And you've reviewed it?

3    THE DEFENDANT:  Indeed.

4    THE COURT:  The maximum possible penalty for that

5    offense is a mandatory minimum ten year term of imprisonment

6    up to a maximum of life imprisonment; a fine of up to $250,000

7    or both fine and imprisonment; a five year to life term of

8    supervised release; a mandatory $100 special assessment and a

9    possible order of restitution.

10    Do you understand the maximum possible penalty?

11    THE DEFENDANT:  I do understand, Your Honor.

12    THE COURT:  Do you understand what supervised release

13    is?

14    THE DEFENDANT:  I do, Your Honor.

15    THE COURT:  Are you a citizen of the United States?

16    THE DEFENDANT:  I am, Your Honor.

17    THE COURT:  Are you presently on parole or probation

18    for any other offense?

19    THE DEFENDANT:  No, sir.

20    THE COURT:  Are you currently facing any other

21    criminal charge in this Court or in any other court?

22    THE DEFENDANT:  No, sir.

23    THE COURT:  And as I indicated, you do have the right

24    to stand by your previously entered plea of not guilty to the

25    charge in Count One if you desire to do so.  Do you understand

1 that right?

2        THE DEFENDANT:  I do understand that, Your Honor.

3        THE COURT:  You also have a right to a jury trial on

4 that charge.  Do you understand that right?

5        THE DEFENDANT:  I understand that, Your Honor.

6        THE COURT:  Do you understand that at that trial

7 you'd be presumed innocent, the government would have the

8 burden of proving you guilty of the charge by competent

9 evidence and beyond a reasonable doubt.

10        THE DEFENDANT:  I understand that, Your Honor.

11        THE COURT:  At that trial, you'd have the right to be

12 assisted by counsel, the right to see, hear and question the

13 witnesses for the government through your attorney.  You'd

14 also have the right to object to evidence offered by the

15 government and to offer evidence on your own behalf.

16        Do you understand each of these rights?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  And do you understand that at that trial

19 you'd have the right to testify in your own defense, but that

20 if you elected not to do so, no inference of guilt could be

21 drawn from the fact that you chose not to testify.

22        THE DEFENDANT:  I do understand, Your Honor.

23        THE COURT:  And do you understand that by entering a

24 plea of guilty here this morning to Count One of the

25 indictment, you'll be giving up all of these rights as to that

1  charge because there will be no trial, you'll no longer be

2  presumed innocent because you'll be telling me that you are,

3  in fact, guilty of the charge set out in Count One of the

4  indictment.

5           THE DEFENDANT:  I understand that, Your Honor.

6           THE COURT:  And is that what you wish to do, plead

7  guilty to Count One?

8           THE DEFENDANT:  Indeed I do, yes, Your Honor.

9           THE COURT:  Counsel join in the waiver?

10          MR. KERSTEN:  Yes, Your Honor.

11          THE COURT:  And Mr. Rose, you've indicated to me you

12  understand each and every one of the terms of your plea

13  agreement.  Correct?

14          THE DEFENDANT:  Yes, I do, Your Honor.

15          THE COURT:  Other than what's been promised to you in

16  that plea agreement, has anyone made any other promises to you

17  in order to get you to plead guilty?

18          THE DEFENDANT:  No, Your Honor.

19          THE COURT:  Has anyone threatened you or anyone close

20  to you in order to get you to plead guilty?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  Counsel, have I overlooked anything

23  required under Rule 11?

24          MR. ENOS:  No, you have not, Your Honor.

25          MR. KERSTEN:  No, Your Honor.

1    THE COURT:  Mr. Rose, what then is your plea to the

2    charge that beginning on a date unknown but not later than

3    approximately September 2015 and continuing through November

4    of 2015, in Fresno County, within the State and Eastern

5    District of California and elsewhere, while using the mail or

6    any facility or means of interstate or foreign commerce, you

7    knowingly persuaded, induced, enticed, and coerced an

8    individual, who had not yet attained the age of 18 years, of

9    age to engage in any sexual activity for which any person

10   could be charged with a criminal offense, and did knowingly

11   attempt to do so, specifically that you used the mail,

12   internet or telephone to attempt to persuade, induce, entice

13   and coerce an individual who had not yet attained the age of

14   18, specifically a 14 year-old female, to engage in sexual

15   activity for which any person could be charged with a criminal

16   offense, all in violation of 18 USC Section 2422(b); guilty or

17   not guilty?

18          THE DEFENDANT:  I plead guilty, Your Honor.

19          THE COURT:  And sir, have you reviewed the factual

20   basis set forth at page 7 and 8 of your plea agreement?

21          THE DEFENDANT:  Yes, I have, Your Honor.

22          THE COURT:  And is that an accurate statement as to

23   what it is you did in this case?

24          THE DEFENDANT:  It is true, Your Honor.

25          THE COURT:  I find that there is a factual basis for

1  Mr. Rose's plea of guilty.  I find that he understands the

2  nature of the charge and the consequences of his plea.  I also

3  find that he understands his constitutional rights and that

4  his plea of guilty was freely and voluntarily made.

5  Accordingly, I accept the plea of guilty.

6           The matter will be referred to the Probation

7  Department for preparation of a presentence report, sentencing

8  will be set for?

9           THE CLERK:  October 10, 2018 at 10 a.m. in this

10  courtroom.

11           THE COURT:  Is that date agreeable?

12           MR. KERSTEN:  Yes, Your Honor.

13           MR. ENOS:  Yes, Your Honor.

14           THE COURT:  The trial confirmation date of August 6th

15  and the jury trial date of August 21st are hereby vacated.

16           Is there anything else?

17           MR. KERSTEN:  No, Your Honor.

18           MR. ENOS:  No, Your Honor.  Thank you.

19           THE COURT:  Thank you.

20           THE DEFENDANT:  Thank you, Your Honor.

21       (The proceedings were concluded at 10:21 a.m.)

22           I, KAREN HOOVEN, Official Reporter, do hereby certify

23  that the foregoing transcript as true and correct.

24

25  DATED:  14th of November, 2018       /s/   Karen Hooven
                                         KAREN HOOVEN, RMR-CRR